UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:18-CV-01085-NCC |
| CONCRETE CORING COMPANY OF ST. LOUIS a/k/a CONCRETE CORING COMPANY OF NORTH AMERICA, INC., HOWARD H. HALL, III, and TINA NEWELL, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Summary Judgment (Doc. 21). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9). For the following reasons, Plaintiffs' Motion will be **GRANTED, in part** and **DENIED, in part** and this action will be **DISMISSED, with prejudice**.

### I. Background

On July 3, 2018, Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, seeking to collect fringe benefit contributions owed to the Local 513 Operating Engineers Benefit Funds (the "Local 513 Funds")[1] and union dues owed to the Local

---

[1] The Local 513 Funds include the Local Union 513 Pension Fund, the Local Union 513 Health and Welfare Fund, the Local Union 513 Supplemental Vacation Fund, the Local Union 513 Annuity Fund, and the Local Union 513 Joint Apprenticeship Training Fund (Doc. 1 at ¶7).

513, International Union of Operating Engineers (the "Union") pursuant to the terms of a Collective Bargaining Agreement. The undisputed facts are as follows.

On April 26, 2016, Defendant Howard H. Hall, III ("Hall") registered the name Concrete Coring Company of North America as a fictitious name with the Missouri Secretary of State (Plaintiffs' Statement of Unconverted Material Facts ("PSOF"), Doc. 23 at ¶1). On August 3, 2017, Concrete Coring of St. Louis, Inc. filed an amendment to its Articles of Incorporation with the Missouri Secretary of State changing its name to Concrete Coring of North America, Inc. (PSOF ¶2). Hall is President and the sole member of the Board of Directors for Concrete Coring Company of North America, Inc. (PSOF ¶3). Defendant Tina Newell ("Newell")[2] is Secretary of Concrete Coring Company of North America, Inc. (PSOF ¶4).

Defendant Concrete Coring Company of St. Louis Inc. a/k/a Concrete Coring of North America, Inc. (hereinafter the "Corporate Defendant") is a party to a valid and binding Collective Bargaining Agreement (the "CBA") with the Union (PSOF ¶10). At all times relevant to this complaint, the Corporate Defendant was and has also been signatory to a Participation Agreement with the Local 513 Funds (PSOF ¶11). The CBA requires the Corporate Defendant to submit monthly reports and remit contributions to the Local 513 Funds (PSOF ¶12) The CBA also requires payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, court costs and payroll examination fees if suit is filed to enforce the CBA (PSOF ¶15).

---

[2] Defendants occasionally refer to Ms. Newell as Ms. Maxwell but do not explain the reason for the apparent change in Ms. Newell's name. As such, to avoid any confusion, the Court will continue to refer to her as Ms. Newell.

On October 25, 2013, Plaintiffs filed an action against Concrete Coring Company of St. Louis Inc. for the collection of delinquent fringe benefit contributions under the CBA. *See Local 513 International Union of Operating Engineers, AFL-CIO et al. v. Concrete Coring Company of St. Louis, Inc.*, Case No. 4:13-CV-02128-JCH. On December 20, 2013, Concrete Coring Company of St. Louis Inc. and Hall entered into a "Promissory Note and Settlement Agreement" in which Concrete Coring Company of St. Louis Inc. and Hall agreed that they were jointly and severally liable for a total known delinquency of $83,170.59 to Plaintiffs (PSOF ¶9). On July 22, 2014, a Consent Judgment was signed and entered by the Honorable Jean C. Hamilton in the matter in light of Concrete Coring Company of St. Louis Inc. and Hall's default under "Promissory Note and Settlement Agreement" (PSOF ¶16). The Consent Judgment was subsequently amended by Court Order on September 5, 2014 to include additional delinquent contributions for a total Judgment against Concrete Coring Company of St. Louis Inc. and Hall of $103,229.84 (*Id.*).

Concrete Coring Company of St. Louis Inc. filed for voluntary chapter 11 bankruptcy protection on September 12, 2014, which resulted in a final decree dated October 6, 2015. (PSOF ¶18; DSOF ¶3). *In re: Concrete Coring Company of St. Louis, Inc.*, Case No. 14-47256 (E.D. Mo. Bnkr. Oct. 6, 2015). As a part of the bankruptcy plan, Concrete Coring Company of St. Louis Inc. agreed to make monthly payments to Plaintiffs for 6 years to satisfy the judgment entered against it and Hall in Case No. 4:13-CV-02128-JCH (DSOF ¶12). Although the parties dispute the amount outstanding, they agree that the Judgment is unsatisfied (*Compare* Doc. 22 at 9 ($54,421.16) and Doc. 27 at 4 ($48,878.69)). Plaintiffs have instituted a number of collection efforts against Hall, including garnishment proceedings in Case No. 4:13-CV-02128-JCH (Defendants' Statement of Facts for Which a Genuine Issue Exists ("DSOF"), Doc. 26 at ¶¶2,

3

13). Defendants indicate that the Corporate Defendant continues to make its monthly payments to Plaintiffs (DSOF ¶14).

On September 12, 2017, Concrete Coring of North America, Inc. was administratively dissolved by the Missouri Secretary of State (PSOF ¶5). The Missouri Secretary of State reinstated Concrete Coring of North America, Inc. on August 9, 2018 (PSOF ¶6). Hall and Newell continued to operate the business during its administrative dissolution (PSOF ¶¶ 7-8).

To date, the Corporate Defendant has voluntarily submitted contribution report forms evidencing hours of bargaining unit work without submitting contributions to the Funds or remitting deducted dues to the Union. At the applicable contribution and dues deduction rate, the hours of bargaining unit submitted work equate to $46,384.33 in principal accrued but unpaid deductions and contributions for the work done September 2018 through December 2018 (PSOF ¶17).

On April 24, 2019, Plaintiffs filed a Motion for Summary Judgment (Doc. 21). In their Motion, Plaintiffs request $46,384.33 in principal accrued deductions and contributions for the work reports from September through December 2018. Plaintiffs also seek liquidated damages ($51,444.33), interest ($9,276.87), attorneys' fees ($10,263.88), and costs ($464.36). Plaintiffs also seek the remaining balance from the Judgement in Case No. 4:13-CV-02128-JCH from Hall and the Corporate Defendant. Finally, Plaintiffs appear to assert that Hall and Newell are personally liable for "obligations the corporation incurred" from September 13, 2017 to August 9, 2018, while the Corporate Defendant was administratively dissolved. However, Plaintiffs indicate in their conclusion that they seek the deductions, contributions, liquidated damages, interest, and attorneys' fees from the Corporate Defendant only and the remaining balance of the prior judgment from Hall only. Newell is not mentioned (*See* Doc. 22 at 11).

Defendants concede that the Corporate Defendant owes Plaintiffs unpaid deductions and contributions in the amount of $46,384.33 through December 2018 (Doc. 27 at 1). Defendants further concede that the Corporate Defendant owes Plaintiffs liquidated damages and interest totaling $60,721.20 (*Id.* at 2). Defendants, however, assert that a genuine issue of dispute exists regarding whether Hall and Newell are liable for the Corporate Defendant's debts (*Id.*). Further, in light of their objection the personal liability of the individual Defendants, Defendants argue that Plaintiffs' request for attorneys' fees is unreasonable and suggest the fees be reduced (*Id.*).

In their reply, Plaintiffs acknowledge that the term of administrative dissolution does not impact the liability of the individual Defendants and that Newell is absolved from the debt but Plaintiffs continue to assert that Hall is jointly responsible for the debt as he registered Concrete Coring of North America as his fictitious name (Doc. 28 at 4). Therefore, as a preliminary matter, in light of Plaintiffs' concession that Newell is not liable for any of balances at issue in the current litigation, the Court will dismiss Newell from this action. The Court now turns to the remaining issues.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the

nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. Analysis

**A. Consent Judgment in Case No. 4:13-CV-02128-JCH**

First, Plaintiffs request the Court enter Judgment against Hall and the Corporate Defendant for the remaining balance on the Consent Judgment in Case No. 4:13-CV-02128-JCH. Indeed, Defendants concede that there remains a balance outstanding on the Judgment. However, as noted by Defendants, this Court cannot enter a second judgment regarding the same matter. Contrary to Plaintiffs' assertion, a Consent Judgment is a judgment and an order of the Court. 46 Am. Jur. 2d Judgments § 174 ("[A] consent judgment is still a judgment and an order of the court; its only distinction is that it is a judgment that a court enters at the request of the parties."). Further, the Consent Judgment, and its subsequent amendment, were signed by the Honorable Jean C. Hamilton (Docs. 28, 42). Additionally, Plaintiffs have already pursued enforcement of this Judgment through the proper channels having sought garnishment and filed collection actions against Hall. Furthermore, Defendants represent to this Court that the

Corporate Defendant continues to make monthly payments on the matter. Therefore, the Court finds that Plaintiffs are not entitled to a second Judgment addressing these funds.

## B. Liability of Hall

Next, Plaintiffs assert that Hall is jointly liable with the Corporate Defendant for the delinquent contributions from September 2018 through December 2018 because Hall registered Concrete Coring Company of North America as a fictitious name for himself. An entity or person may register a fictitious name if the individual or entity is doing business in the state but holding itself out to the community by a name other than its registered or tax id name. Mo. Rev. Stat. § 417.200. Although Hall filed a fictitious name, and the name is similar to the Corporate Defendant's current name, the similarity is not sufficient to attach liability. Indeed, the CBA was formed and signed by Hall on behalf of the Corporate Defendant only without any evidence presented on the record of a personal guaranty by Hall or Hall's fictitious name. *See cf. Painters Dist. Council No. 58 v. Architectural Painting Servs., Inc.*, No. 4:16-CV-41-RWS, 2017 WL 1246684, at *3 (E.D. Mo. Apr. 5, 2017) (finding individual jointly and severally liable based on the personal guaranty he signed). As such, the Court finds that Hall is not personally liable for the delinquent contributions from September 2018 through December 2018.

## C. Attorneys' fees

Finally, Defendants object to Plaintiffs' request for attorneys' fees and suggest the fees be reduced by at least one-half as a significant amount of the services rendered by Plaintiffs' counsel was directed to address the personal liability of the individual Defendants. However, as noted by Plaintiffs, the CBA provides for reasonable attorneys' fees no less than thirty-three and one-third percent of the total amount for which judgment is rendered (*See* Doc. 22-5 at 45). Plaintiffs' counsel is requesting far less than the amount contemplated in the CBA. Plaintiffs

request $10,263.88 in attorneys' fees and, in support of their request, Plaintiffs have submitted the affidavit of James P. Faul attesting to his hourly rate, the details of the work performed, and the time expended (Doc. 22-14).  Further, while Plaintiffs may not have been successful in their action against the individual defendants, their arguments were not baseless.  Therefore, the Court will grant Plaintiffs' reasonable request for attorneys' fees in the amount of $10,263.88.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 21) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants Howard H. Hall and Tina Newell are dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded outstanding contributions in the amount of $46,384.33, liquidated damages in the amount of $51,444.33, interest in the amount of $9,276.87, attorneys' fees in the amount of $10,263.88, and court costs in the amount of $464.36, for a total of **$117,833.77**.

A separate judgment with accompany this memorandum and order.

Dated this 13th day of August, 2019.

                                             /s/ Noelle C. Collins
                                             NOELLE C. COLLINS
                                             UNITED STATES MAGISTRATE JUDGE